NO. 07-09-00299-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
JUNE 16, 2010
--------------------------------------------------------------------------------

 
 VERDELL PRICE, JR., APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;
 
 NO. 2008-421,477; HONORABLE CECIL G. PURYEAR, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 MEMORANDUM OPINION
 
 
Appellant Verdell Price, Jr. appeals from his conviction, on an open plea to the court, of the offense of possession with intent to deliver a controlled substance and the resulting sentence of twenty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant's attorney has filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and In re Schulman, 252 S.W.3d 403 (Tex.Crim.App. 2008). Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.
 In November 2008, appellant was indicted for the offense of possession with intent to deliver cocaine in an amount less than four grams but more than one gram. The indictment also contained two enhancement paragraphs, setting forth appellant's prior felony convictions for forgery. In August 2009, appellant entered a guilty plea to the charge as indicted and entered a plea of "true" to the first enhancement, without a plea agreement. On that same day, appellant appeared before the trial court for a punishment determination.
 The trial court admonished appellant, ensured his plea was entered knowingly, freely, and voluntarily, and explained the range of punishment applicable to this case. The State called a Lubbock police officer, who testified to the circumstances that led to the discovery of a small plastic film case under the driver's seat of a vehicle appellant was driving. The case held nineteen small rocks, each rock individually wrapped in plastic wrap. A forensic scientist testified the substance tested positive for cocaine and weighed 3.10 grams.
 The State also introduced evidence of appellant's prior criminal history, including the two forgeries listed in the indictment, as well as appellant's prior convictions for assault and aggravated robbery.
 Following the testimony, evidence, and arguments by counsel, the court assessed punishment against appellant at confinement for a term of twenty-five years. Appellant timely filed notice of appeal.
Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to Anders in which she certifies that she has diligently reviewed the record and, in her professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case, appellant's plea of guilty, and the hearing concerning appellant's punishment. Counsel has certified that a copy of the Anders brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a pro se response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the Anders brief and motion to withdraw filed by his counsel. Appellant has filed a response, and a further amendment to his response, both of which have been considered by the Court.
In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).
Because appellant entered an open plea of guilty, he waived any non-jurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error. Young v. State, 8 S.W.3d 656, 666-67 (Tex.Crim.App. 2000). Thus, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of appellant's plea, potential error occurring before appellant's plea that resulted in or supports the judgment of guilt, and potential error occurring after the guilty plea. Id. 
We note first that there is nothing in the record that supports existence of a jurisdictional defect. Second, as noted in counsel's brief, the record reflects the trial court's compliance with the admonishment requirements of article 26.13 of the Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon 2007). The trial court thoroughly admonished appellant on the record prior to accepting his open plea of guilty. Appellant indicated his understanding of each admonishment. The record reflects that appellant also signed and submitted written plea admonishments that included waivers, admonitions, and a judicial confession that the trial court ensured was entered freely, voluntarily and knowingly. See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 2007). Counsel concludes the record supports no arguably meritorious point of error with regard to the voluntariness of appellant's plea of guilty. We agree.
In reaching this conclusion, counsel notes the possibility that appellant might argue he received ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing standard for effective assistance of counsel). Appellant raises a similar issue. The record includes appellant's written agreement that he was satisfied with his legal representation and fully discussed the case with his attorney. We agree with counsel that the record contains no support for a contention of ineffective assistance of counsel.
 Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. We agree it presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the trial court.

 James T. Campbell
 Justice

Do not publish.